UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-391 |
| MARK ROSS | SECTION "R" |

**ORDER AND REASONS**

Mark Ross moves for compassionate release.[1] The Government opposes the motion.[2] Because Ross has not shown that he meets the requirements for compassionate release, the Court denies the motion. The Court also denies Ross's motion to appoint counsel.[3]

**I.   BACKGROUND**

On October 13, 2010, Ross pleaded guilty to conspiracy to distribute and possess with intent to distribute a kilogram or more of heroin, and 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846.[4] Ross also pleaded guilty to possession of a firearm in furtherance of a drug

---

[1]   *See* R. Doc. 1096.
[2]   *See* R. Doc. 1085.
[3]   *See* R. Doc. 1078.
[4]   *See* R. Doc. 220 at 1; R. Doc. 52 at 2.

trafficking crime in violation of 18 U.S.C. § 924.[5] In addition, Ross pleaded guilty to a charge in a separate bill of information, which established that he had a prior felony conviction under 21 U.S.C. § 851.[6] Ross was sentenced to 210 months' imprisonment,[7] to be followed by 10 years of supervised release.[8] He is incarcerated at Big Spring FCI and has a projected release date of August 5, 2024.[9]

## II. DISCUSSION

Before a federal court will assess the merits of a motion for compassionate release, defendants must show they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated

---

[5]  *See* R. Doc. 220 at 1; R. Doc. 52 at 6.
[6]  *See* R. Doc. 220; R. Doc. 205.
[7]  *See* R. Doc. 616 at 2.
[8]  *See id.* at 3.
[9]  *See* Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited October 8, 2020).

2

in the federal courts." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. 2020 Sept. 3, 2020).

Ross attaches his initial request for compassionate release,[10] and the warden's denial of his request.[11] Ross also indicates that he appealed the warden's decision,[12] though he does not attached copies of documents relevant to his appeal. The Government does not contest exhaustion. Because courts construe *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and because the Government does not contest exhaustion, the Court proceeds to the merits of Ross's claim.

Ross has not shown that he satisfies the other requirements for compassionate release. For instance, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction: (a) a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily

---

[10]  *See* R. Doc. 1078-1 at 2.
[11]  *See id.* at 1.
[12]  *See* R. Doc. 1096 at 2.

[c]ircumstances." *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed). The Sentencing Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons." *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Here, Ross does not demonstrate that any of the above criteria apply to him. He is thirty-nine years old[13] and cites no family circumstances. In his one-page filing, Ross indicates that he has asthma, hypertension, and hyperlipidemia.[14] Nothing in the record indicates that Ross's medical conditions are "terminal" or that they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A). Accordingly, the Court finds that Ross's medical conditions do not constitute extraordinary and compelling reasons meriting compassionate release.

Additionally, the Court does not find the Section 3553(a) factors support compassionate release. When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[] the factors

---

[13] *See* R. Doc. 1096-1 at 2.
[14] *See* R. Doc. 1078.

4

set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" militates against early release. *See* 18 U.S.C. § 3553(a)(2)(A). Ross is convicted of serious drug and firearms offenses. He has served approximately 107 months of a 210-month of imprisonment sentence. The Court finds that defendant's sentence would not "reflect the seriousness of the offense" were he released after serving half of his term of imprisonment.

Ross also moved for the Court to appoint counsel.[15] There is no constitutional or statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). A Court may appoint counsel in a compassionate release proceeding if it finds doing so would be "in the interest of justice." *United States v. Delco*, No. 09-57, 2020 WL 4569670, at * 2 (E.D. La. Aug. 7, 2020); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *cf. United States v. Moore*, 400 F. App'x 851, at *1 (5th Cir. 2010) ("There is no right to appointed counsel in a § 3582(c)(2) proceeding . . . . Moreover, the interest of justice did not require the appointment of counsel."); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel on appeal to argue

---

15    *See id.*

unresolved questions of Fifth Circuit law). Because Ross's motion does not involve complicated or unresolved issues, appointment of counsel would not serve the interests of justice.

### III. CONCLUSION

For the foregoing reasons, Ross's motion for compassionate release is DENIED and his motion for appointment of counsel is DENIED.

New Orleans, Louisiana, this __14th__ day of October, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE